FLORENCE M. COTNAM, Appellant, v. MASSACHUSETTS MU-
TUAL LIFE INSURANCE COMPANY, Appellee.

INSURANCE: Non-Payment of Premiums—Right to Paid-Up In-
surance—Deducting Loans. Loans distinctly standing, by agree-
ment, *against a policy* of insurance on which two full annual
premiums had been paid prior to default in paying premiums,
should be subtracted from the net value of the policy at the
time of default, and the amount of insurance which the re-
mainder would then buy in the way of paid-up insurance repre-
sents the full liability of the company.   So held on a policy
issued under the laws of Massachusetts governing such a con-
dition.

*Appeal from Polk District Court.*—CHAS. A. DUDLEY,
Judge.

WEDNESDAY, MAY 16, 1917.

REHEARING DENIED MONDAY, SEPTEMBER 24, 1917.

ACTION at law upon a policy of life insurance.   Jury waived.   Trial to the court.   The opinion states the facts. —*Affirmed.*

*J. G. Myerly,* for appellant.

*A. H. McVey,* for appellee.

STEVENS, J.—On April 18, 1898, appel-
lee issued to Perry Cotnam a policy of in-
surance on his life in the sum of $1,000.
On April 18, 1903, said policy was surren-
dered, and the policy in suit, naming appel-
lant herein as beneficiary, was substituted therefor. On
March 21, 1903, the assured executed to appellee a loan cer-
tificate as follows:

*INSURANCE: non-payment of premiums: right to paid-up insurance: deducting loans.*

### "LOAN CERTIFICATE.

"Springfield, Mass., March 21, 1903.

"This certifies and acknowledges that the Massachu-
setts Mutual Life Insurance Company has loaned Seventy-
one and 64/100 Dollars, this amount being for part of pre-
mium to change policy to Life 20, due March 21, 1903, on
Policy No. 130120 issued by said Company on the life of
Perry Cotnam; and the said Company is hereby authorized
to evidence in writing on the back of this certificate, the
said loan, and to add thereto such other sums as it may
from time to time loan and place to the credit of premiums
due on said policy. It is understood that such shares of
surplus as may hereafter be assigned to said policy are to
be applied to the reduction of said loan so long as any
part thereof remains unpaid; otherwise they are to be
used in payment of premium, or, if the policy is fully paid
up, they are to be paid in cash. And it is agreed that in-
terest is to be paid to said Company semi-annually at the
rate of six per cent. per annum on said loan or any unpaid
balance thereof, which loan or balance (as shown by the
back of this certificate, and also at any future time on the
premium receipt then last given) is hereby acknowledged
to be an indebtedness against said policy.

"Witness, J. J. Ahern.          (Signed) Perry Cotnam."

And, on March 21, 1904, the following obligation was
executed:

March 21, 1904.·

"In the settlement of premium due March 21, 1904, on policy No. 130120 in The Massachusetts Mutual Life Insurance Company on the life of Perry Cotnam I request the privilege of having $22.55 added to the premium loan standing against said policy, in place of paying cash for the same amount.

"Witness, J. J. Ahern.          (Signed)  Perry Cotnam."

Six identical instruments, except as to date, were subsequently executed by assured to appellee for $22.55 each. These several sums represent the semi-annual premiums due the company, and, together with the $71.64, were endorsed on the back of the loan certificate above referred to as provided therein.

The assured died June 23, 1914.  The law of Massachusetts in force at the time the policy was issued is, by its terms, made a part of the policy, and, so far as the same is applicable, is as follows:

"No policy of life or endowment assurance hereafter issued by any such company (that is, life insurance company) shall become forfeit or void for nonpayment of premium after two full annual premiums, in cash or note, or both, have been paid thereon; but in case of default in the payment of any subsequent premium, then, without any further stipulation or act, such policy shall be binding upon the company for the amount of paid-up insurance which the then net value of the policy and all dividend additions thereon, computed by the rule of Section Eleven, less any indebtedness to the company on account of said policy, and less the surrender charge provided herein will purchase as a net single premium for life or endowment insurance maturing or terminating at the time and in the manner provided in the original policy contract."  Acts and Resolves of Massachusetts, 1887, Ch. 214, Sec. 76.

It is also agreed by counsel that, at the time the policy lapsed, assured was indebted to the company in the sum of $186.63 on above loans, and that the cash surrender value of the policy was $281.58. The controversy arises on the construction of the policy and the Massachusetts statute, and is whether the $281.58 cash surrender value of the policy should be applied as a net single premium to the purchase of paid-up insurance, and the indebtedness deducted therefrom and judgment entered for the balance, or whether the indebtedness admitted to be due the company at the time the policy lapsed should first be deducted from the cash surrender value thereof, and the balance due the assured applied as a net single premium to the purchase of paid-up insurance.

If the contention of appellant is sustained, appellant, at the time of the death of assured, was entitled to recover on said policy the sum of $534, less the amount due the company, and, if the theory of appellee is applied, and the amount due the company deducted from the cash surrender value of the policy at the time it lapsed, and the remainder of $97.95 applied as a net single premium to the purchase of paid-up insurance, the amount due appellant at the time of the death of assured was $186, the amount found by the trial court.

It is contended on behalf of appellant that the indebtedness evidenced by the loan certificate and the several premium notes is a general indebtedness, and not an indebtedness against the policy within the meaning of the Massachusetts statute quoted above, and several cases are cited to the point that, where notes are given in payment of premiums, the same is equivalent to the payment of the premium in cash, and that the liability on the part of the assured to the company is thereafter on the note. This

is undoubtedly the holding of the cases cited, but is not applicable to the case at bar.

The loan certificate provides that same "is hereby acknowledged to be an indebtedness against said policy," and each of the premium notes requests the amount named to be "added to the premium loan standing against said policy, in place of paying cash for the same amount."

Under the law of Massachusetts, if the policy was permitted to lapse after the payment of two full annual premiums, such policy was binding upon the company for the amount of paid-up insurance which the then net value of the policy, together with dividend additions thereon, less any indebtedness to the company on account of said policy, and other designated deductions, would purchase as a net single premium for life or endowment insurance maturing or terminating at the time and in the manner provided by the original policy contract. In a sense, perhaps, the policy in suit stood as security for the payment of the indebtedness owing it by the assured, but the indebtedness, by the terms of the instruments executed, stood against the policy and arose out of and on account thereof. Under the above provisions of the Massachusetts statute, such indebtedness was properly deducted from the cash surrender value of the policy, and the balance applied as a net single premium to the purchase of paid-up insurance. The amount due, counsel agree, on this theory is $186. This being true, the finding and order of the court below was correct, and must be—*Affirmed.*

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.