# Inter-Southern Life Insurance Company v. Duff, et al.

(Decided May 9, 1919.)

## Appeal from Breathitt Circuit Court.

1. Pleading—Relief.—A litigant will be allowed the relief which he seeks if his pleadings state facts sufficient to entitle him thereto without his expressly naming the legal principle upon which he relies.

2. Insurance—Forfeiture of Policy.—An insurance company may forfeit a policy for the non-payment of a premium note when due, provided either the policy or the note contains provisions for such forfeiture, but when this is so the company will waive the forfeiture if after the maturity of the note it treats it as an asset and makes unconditional demand of the insured for its payment, and when the company has elected in such manner to waive the forfeiture it may not thereafter rescind the waiver and rely upon the forfeiture, since it will be required to stand by the election which it made.

3. Insurance—Forfeiture of Policy.—Forfeitures are not favored in the law, and unless the company clearly provided therefor it will not be allowed to insist upon it, and if neither the policy nor the note given for the premium nor any other writing forming a part of the policy or the payment of the premium provides in clear language for a forfeiture upon non-payment of the note, no such consequences will attach to its non-payment.

4. Insurance—Forfeiture of Policy—Non-Payment of Premiums.—If the language employed by an insurance company is susceptible of two constructions, one of which avoids the policy and the other keeps it alive, the latter construction will be adopted as more favorable to the insured, and where a note given for a premium makes no provision for the forfeiture of a policy upon its non-payment, and the policy provides for a forfeiture only when a premium or a note given for a loan shall not be paid, this will not be construed to include the non-payment of a premium note and no forfeiture will result from its non-payment.

5. Insurance—Forfeiture of Policy.—When an insurance company wrongfully forfeits a policy and notifies the insured that it is cancelled, the latter will not be required to tender subsequent premiums when they become due, unless after such wrongful cancellaton the company informs him that it will accept the premium and reinstate the policy, but in such case the insurer, upon a settlement of the policy, will be entitled to a credit for the amount of unpaid premiums with interest from their respective due dates.

HELM & BRUCE and CLARENCE C. SMITH for appellant.

G. W. FLEENOR for appellees.

Opinion of the Court by Judge Thomas—Affirming.

The appellees (the widow and children of A. A. Duff, deceased) brought this suit to recover on a $2,000.00 insurance policy, in which they are the beneficiaries, which the Southern National Life Insurance Company issued upon the life of deceased on the 20th of September, 1912. After the policy was issued the appellant and defendant, Inter-Southern Life Insurance Company, purchased all of the assets and assumed all of the liabilities of the Southern National Life Insurance Company and agreed to carry out the terms of the policies which it had theretofore issued, including the one sued on.

The substance of the petition as amended alleged the issual of the policy; its assumption afterwards by the defendant; that the first premium was paid in cash and that the second one, which was due on September 20, 1913, was paid partly in cash and partly by a note, which note was not paid at maturity, but facts are pleaded showing that its payment at that time was waived by the defendant, and that within the time agreed upon whereby the payment was extended it was tendered to the defendant but it wrongfully refused to accept the tender and wrongfully forfeited the policy; and that this wrongful forfeiture excused either the payment or tender of payment of subsequent premiums.

At this point it might be well enough to dispose of a preliminary question raised by defendant on this appeal, viz.: that a waiver by the defendant of the payment of the note is not relied on in either the petition, amended petition or any pleading filed by plaintiffs.

We can not agree to this contention, because facts are alleged which, if true, constitute a waiver and it was not necessary for the pleader to label his allegations as such. It is sufficient if the facts constituting a cause of action or defense are stated in the pleading of the party relying on them, without specifically naming the legal principle entitling him to sue or to defend.

The answer pleaded the failure of payment and insisted upon the forfeiture of the policy, as well as denying any agreement to extend the time for the payment of the note. It also relied on the fact that when payment was tendered, although it may have been within the time of the alleged extension, it did not include interest on the note, and defendant was therefore authorized to decline

to receive it and to cancel the policy. This contention of defendant was attempted to be met by urged constructions of certain provisions of the policy relating to loan values at the expiration of each of the twenty years in which premiums were to be made before the policy matured, and constructions relative to the payment. of coupons attached to the policy, by which the policyholder was to receive a cash dividend or reduction in his premium in an amount represented by the coupon due each year, it being insisted by plaintiffs' counsel that the construction which he placed upon those provisions of the policy supplied sufficient funds and cured the omission to include the interest in the tender of the payment of the note and rendered the attempted forfeiture of the policy by the defendant wrongful and illegal and void so far as plaintiffs are concerned. A trial of the case resulted in the jury returning a verdict for plaintiffs for the full amount of the policy, less the amount due the defendant for unpaid premiums and interest thereon from the dates they respectively matured. Defendant's motion for a new trial having been overruled, and judgment pronounced on the verdict, it prosecutes this appeal, insisting on a number of grounds for reversal, chief among which is that the court should have sustained its motion for a peremptory instruction directing a verdict in its favor.

According to the view which we take of the record it will be unnecessary to notice any of the grounds urged for a reversal, since the testimony—to which there is neither objection nor grounds for objection—very clearly shows that it was the duty of the court to peremptorily instruct the jury to return the verdict which it did. These conclusions are based upon the grounds (1) that neither the policy nor the note given for part of the second premium provided that the policy should lapse or be forfeited if the note was not paid at maturity; but if such provisions had been contained in the policy and note, or in either of them, the defendant elected to and did waive them by its action in treating the note as an asset after it became due and unconditionally demanding its payment. (2) The defendant having forfeited the policy when it had no legal right to do so, and having informed the insured that it would not accept the premium from him, and that his policy was lapsed and dead, he was excused from either paying or offering to pay any

subsequent premiums, but was only required to account to the defendant in a final settlement of the policy for the unpaid premiums and notes representing them, with interest from the time they should have been paid. A brief discussion of these two grounds will now be made, and in doing so we will confine ourselves strictly to the direct questions involved without indulging in any comments upon any collateral issues which might under certain contingencies, not appearing here, be involved.

(1) In the cases from this court of Union Cen. Life Ins. Co. v. Duvall, 20 Ky. L. R. 441; Manhattan Life Ins. Co. v. Savage, 23 Ky. L. R. 483; N. Y. Life Ins. Co. v. Warren Deposit Bank, 25 Ky. Law Rep. 325; Same v. Meinjen's Admr., 25 Ky. Law Rep. 2113; Union Central Life Ins. Co. v. Spinks, 119 Ky. 261; St. Louis Mutual Life Ins. Co. v. Grigsby, 10 Bush, 310; Moreland v. Union Central Life Ins. Co., 104 Ky. 129; The Manhattan Life Ins. Co. v. Pentecost, 105 Ky. 643; Manhattan Life Ins. Co. v. Myers, 109 Ky. 372; Moore v. Continental Ins. Co., 107 Ky. 273; Fidelity Mutual Life Ins. Co. v. Price, 117 Ky. 25; Walls v. Home Ins. Co. of New York, 114 Ky. 611; New England Mut. Life Ins. Co. v. Springgate, 129 Ky. 627; New York Life Ins. Co. v. Evans, 136 Ky. 391; Limerick v. Home Ins. Co., 150 Ky. 827; Natl. Council J. O. U. A. M. v. Thomas, 163 Ky. 364; Federal Life Ins. Co. v. Warren, 167 Ky. 740, and Ray v. Commonwealth Life Ins. Co., this day decided, it was held that where an insurance company had the right to forfeit a policy for nonpayment of a premium note, such right could be waived and that it was waived when the company made an unconditional demand of the insured for the payment of the note, and some of them hold (where the facts present the question) that when the company once elects to treat the note as a valid subsisting obligation by making the unconditional demand, it can not afterward, during the year for which the note was executed as a premium, retract its election and forfeit the policy. Thus in the Springgate case (129 Ky. 627) the court quotes with approval section 1379 of 2 Joyce on Insurance, which says: "As a general rule, if the company has treated the policy as valid and has sought to enforce payment of the premium, or has otherwise, with knowledge, recognized, by its acts or declarations or those of its agents, the policy as still subsisting, it waves thereby prior forefeitures." The opinion then

takes up and discusses a number of prior cases from this court dealing with this subject and then says:

"This principle is that the company must stand on the forfeiture if it wishes to have the benefit of it. It cannot claim the forfeiture and insist on the payment of the note. Its assertion of a claim on the note is inconsistent with a claim that the policy is forfeited for, if the policy is forfeited, there is nothing to be paid on it. To allow the company to treat the policy as valid after the right to forfeit it has accrued, and insist on the note being paid as long as it deems this to its interest, and then, when it learns that the assured is sick or dead, to rely on the past forfeiture, which, at the time it elected to waive, would be to allow it to take inconsistent positions. So the question comes to this: Did the company, when the right to forfeit the policy accrued, elect to forfeit it or to treat it as a subsisting obligation? If it elected then to treat the policy as a subsisting obligation, it can not, when subsequent events make it to its interest to do so, withdraw the election it then made, and say that the policy was forfeited. It is not a question of misleading the insured to his prejudice. It is not material whether the note was sent to an attorney, a bank or an agent for collection. These things may be evidence of the company's intention, but the intention may be shown otherwise. Forfeitures are not favored in law. When once waived, they cannot be afterwards insisted on. So in each case the question is: On all the facts did the company forfeit the policy when the right to do so accrued? . . . It can not be allowed to withdraw the election it thus made when it subsequently ascertained that the assured was then sick, and afterwards died." See also Ray case, *supra*.

The reason which the law assigns for upholding the waiver by the company is well stated in the excerpt just made from the Springgate case, and is the one contained in the other opinions referred to, as well as the text books upon the subject. While it will be seen that in none of the opinions cited was the direct question involved in ground (1) now under consideration presented, still this court in those opinions impliedly held and committed itself to the doctrine that if there had been no provision for the forfeiture in case of the nonpayment of the premium note, contained either in the policy or in the note, there could be none insisted upon by the company if the note

was not paid. In such case the note will be deemed as accepted in full payment of the premium. However, this direct question has been before the courts in other jurisdictions and is treated of by the leading authorities upon this branch of the law, and without exception, so far as we are aware, it is held that without a provision for forfeiture of the policy contained either in it or in the note executed for the premium no right of forfeiture exists in the company. This upon the ground that "forfeitures are not favored in the law" (Springgate case), and they will not be upheld unless a clear construction of the language under which they are claimed will authorize them. Further, that insurance contracts, including both the policy and notes executed for premiums, are to be construed more strongly against the insurer and in favor of the insured, and if such language is capable of a construction which will uphold and preserve the rights of the latter, that construction should be adopted. Continental Beneficial Association v. Holt, 167 Ky. 806, and cases therein referred to.

In section 345E of May on Insurance, the law on this point is stated to be that: "A policy may be voidable by nonpayment of premium notes at the time of loss. If there is no stipulation to that effect, failure to pay a premium note at maturity will not defeat the policy." Joyce on Insurance, vol. 2, section 1212, on the same point says: "In the absence of a stipulation in the contract for forfeiture or suspension of the risk, or similar condition in case of nonpayment of a note given for the cash premium when due, payment is not a condition precedent to the validity of the policy, and it continues in force notwithstanding the note is not paid at maturity."

In section 1204, referring to the same subject, the author says: "Although a note may be given and accepted as payment of a premium, it is not a payment when accepted conditionally." The intervening sections fully sustain the position herein assumed that unless there is a provision for a forfeiture, either in the policy or the premium note, no such right will exist in favor of the company and none will be upheld at its instance.

In Cooley's Briefs on the Law of Insurance, vol. 6, section 492, the text says: "In the absence of any condition in the policy or the notes declaring that a failure to pay a note given for first premium at maturity shall

terminate the contract, the mere failure to pay the note will not render the insurance void.''

In 14 R. C. L., page 977, the rule is thus stated: ''In the absence of an express agreement, the nonpayment at maturity of a note given for the premium on a policy does not operate to forfeit the rights of the insured, nor does the fact that its collection has been enjoined by the insured in any way affect the policy.''

In 25 Cyc., page 752, it is said that ''The company or its general agent, where the insured has no notice of any limitations of his authority, may accept a note in payment of a periodical premium or a part thereof, and such acceptance constitutes payment as fully as though made in cash.'' On page 826 of the same volume, in stating what character of note will operate as a payment ''as fully as though made in cash,'' it is said: ''By the weight of authority, in the absence of any stipulation with reference to forfeiture for nonpayment of a note given for premium, the premium must be regarded as paid by the note, and default in payment of the note will not forfeit the insurance, but it is otherwise where forfeiture for nonpayment of premium notes is provided for in the policy or in the note itself.'' See further on this proposition the following cases: Mutual Life Ins. Co. v. Abby, 76 Ark. 328; Clarke v. Home Fund Life Ins. Co., 79 S. C. 494; Franklin Life Ins. Co. v. Wallace, 93 Ins. 7; McAllister v. New England Mutual Life Ins. Co., 101 Mass. 558, 3 Amer. Rep. 404; Trade Insurance Co. v. Barracliff, 45 N. J. 543, 36 Amer. Rep. 792; Mich. Mutual Life Ins. Co. v. Bowes, 42 Mich, 19; Shaw v. Republic Life Ins. Co., 69 N. Y. 286; Southern Life Ins. Co. v. Booker, 9 Heisk 606, 24 Amer. Rep. 344; Benefit Life Insurance Association v. Robinson, 104 Ga. 256, 42 L. R. A. 261; Ark. Ins. Co. v. Cox, 24 Okla. 873, 24 L. R. A. (N. S.) 421, 129 Amer. St. Rep. 808; Goddard v. N. W. Mutual Fire Insurance Association, 85 Wash. 585; Hodgson v. Marine Insurance Co., 5 Cranch (U. S.) 100; New York Mutual Life Ins. Co. v. Allen, 212 Ill. 134, and Trager v. La. Equitable Life Ins. Co., 31 La. Ann. 235.

In the instant case when the second annual premium, which was $68.80, became due on September 20, 1913, it was not paid, but later the insured, under an agreement with the company, paid all of it except $50.50, for which latter amount he executed his note with the firm of Duff

& Oney as surety, which note was due on February 4, 1914. On February 7, thereafter, the company wrote a letter to Mr. Oney saying: ''We have a letter from Mr. A. A. Duff stating that he had asked you to pay his note which amounts to $50.50 with interest 75c, making a total of $51.25. We presume you have just overlooked to send us a check for this amount and we will appreciate having your remittance as soon as possible. The note is now considerably past due and we would like to have settlement within a short time. Upon receipt of payment we will send you the note marked paid, together with his official premium receipt. Hoping to hear from you by return mail, beg to remain,'' &c. On April 6 thereafter the company wrote him another letter in which it made equally as peremptory a demand for the payment of the note, and among other things it said: ''This is very important now that this note is past due since February 4, and something must be done toward a liquidation of it.''

On May 18 following, a general agent, whose authority was to look after the collection of unpaid notes, called upon the insured just after his return from New Mexico, where he visited during the winter and spring of 1914, and again demanded payment of the note by him. The facts are disputed as to just what occurred between the insured and that agent, the testimony for the plaintiffs showing that an additional ten days was given in which the payment could be made by check, while the agent testified that he made no such extension. But, however this may be, the letters and the visit by the agent established beyond doubt that the company made unconditional demands for the payment of the note after its maturity, and thus brought itself within the terms of the rule laid down by the authorities, *supra*, and thereby waived the forfeiture even if the policy and the note, or either, had contained a provision for a forfeiture of the policy if the note was not paid at maturity. The note contains no provision for a forfeiture of the policy in case it was not paid at maturity, and the only words in the policy relative to the subject are that ''if any premium, loan or interest be not paid when due, this policy shall be void and all premiums forfeited to the company except as herein provided.'' It will be observed that the language just quoted does not in terms provide for the forfeiture of the policy upon the nonpayment of a

note executed *for a premium*. It provides only for (a) the forfeiture of the policy in case of nonpayment of "any premium" and (b) for the forfeiture in case of the nonpayment of any *loan* or *interest*.

We have hereinbefore seen that the taking of a note for a premium unconditionally constitutes a payment of the premium, there being a difference recognized in the law between the *premium* and the *note* executed therefor. The policy sued on makes provisions for loan values and the making of loans by the company to the insured, so that the provision for a forfeiture contained in (b) above must be construed to apply to the nonpayment of notes which may have been executed to the company for the borrowing of money under the loan privileges of the policy, and not to a note which was executed for a premium. This interpretation of the quoted provision of the policy is not only justified by the words employed therein, but if they were ambiguous and susceptible of two constructions, one sustaining a forfeiture and the other denying it, under the rule, *supra*, we would adopt the latter and deny the forfeiture for the benefit of the insured. So we conclude that there was neither a provision in the policy nor in the note providing for a forfeiture, and the company when it declined to receive the check of the insured sent to it on May 27, within the alleged ten days' extension, and notified the insured that his policy was lapsed and forfeited, acted beyond its rights and wrongfully declared the policy forfeited. But if we were less assured of the correctness of this position, it certainly waived the forfeiture when it made the unconditional demands for the payment of the note, and under the authorities, *supra,* particularly the Springgate case, it can not be allowed to withdraw the election it thus made when it subsequently ascertained that the insured was then sick, which was done upon the agent's visit.

2.   The company having wrongfully declared the policy forfeited, was it the duty of the insured to tender or offer to pay subsequently accruing premiums? The law applicable to the right of tender in general is that it need not be made if the one to whom it is due declares in advance he will not accept it. By analogy the rule appears to be engrafted in the law of insurance that if the company wrongfully refuses to accept a premium and declares the policy forfeited, the insured is relieved of

making tender of subsequently accruing premiums. This rule is stated in Joyce on Insurance, vol. 2, sec. 1123, thus:

"It is held that a tender must be made on each occasion of the premium falling due. But it is not required that the party should persist in the futile act, and if the company refuses to accept a sum tendered in payment of the premium, a formal tender on each succeeding day when the premium matures is unnecessary without notice after such refusal that said premiums will be received. And the rule applies in case of an expressed declaration by the person to whom the money is due that it will not be received if tendered. So if it clearly appears that the premium would not have been accepted if tendered at the place of contract, no tender need be made before suing on the policy, the company having notified assured after presentation of proofs of loss that there was a forfeiture for nonpayment of the premium."

In 14 R. C. L. 987, this rule is thus stated: "Payment or tender of payment of a premium on a life insurance policy is not necessary if the insurer has already declared the policy forfeited or done any act which is tantamount to a declaration of refusal to receive the premium if tendered." To the same effect is 25 Cyc., pages 844-845. See also the cases of McMahon v. U. S. Life Ins. Co., 128 Fed. 388; Heinlein v. Imperial Life Ins. Co., 101 Mich. 250, 45 A. S. R. 409, 25 L. R. A. 627; Meyer v. Knickerbocker Life Ins. Co., 73 N. Y. 516, 25 Amer Rep. 200; National Mutual Ins. Co. v. Home Benefit Society, 181 Pa. State, 443, 49 A. S. R. 666; Knott v. Security Mutual Life Ins. Co., 161 Mo. App. 579; Guetzkow v. Mich. Mutual Life Ins. Co., 105 Wis. 448; Supreme Council of the Order of Chosen Friends v. Bailey, 21 Ky. Law Rep. 1627, and New York Life Ins. Co. v. Clopton, 7 Bush 179.

In the last case cited this court said: "The refusal to accept the tender for the year 1862 dispensed with a formal repetition for the years 1863 and 1864." And in the Bailey case it is said that "After he (the insured) had been notified that by order of the supreme recorder his payments were refused, and informed that no more would be accepted from him, he was not called upon to pay or tender again until some demand had been made of him, or at least till he had information that they were authorized to receive and would receive his assessments."

In the instant case the insured was therefore relieved of the obligation to tender the subsequent premiums which fell due on September 20, 1914 and 1915, since he had received no notification after the company had wrongfully forfeited his policy that it would accept and receive such premiums. It results, therefore, that the only right which the company had in this suit on the policy under the facts presented, was to insist that the unpaid note and the two subsequently accrued premiums with interest on the amounts from the time they were due be deducted from the face of the policy. The judgment did this, and we think it is fully sustained by the law, and is one which would be upheld if rendered on a verdict that the court directed. The fact that there was no such verdict directed is an error against plaintiffs of which the defendant can not complain.

Wherefore, the judgment is affirmed.