## KROENER et al. v. MUTUAL LIFE INS. CO. OF NEW YORK.

(Circuit Court of Appeals, Seventh Circuit. February 15, 1924. Rehearing Denied April 23, 1924.)

### No. 3307.

1. **Insurance ☞360(1)—Insurer entitled to retain matured premiums, with lawful interest.**

  If premiums remain unpaid and the policy in force, the insurer is entitled on maturity of the policy to retain the matured premiums, with lawful interest thereon from maturity.

2. **Insurance ☞360(1)—Tender of premium must be kept good to bar interest.**

  Where, after insurer's declaration of forfeiture and cancellation of policy, insured tenders annual premiums each year, the tender must be kept good in order to bar interest after the tender; and, to keep tender good, the money tendered must be at least retained or kept in possession or control of the tenderer, or on deposit in a bank, or in some way available or ready to pay, if the tenderee should be willing to accept.

In Error to the District Court of the United States for the District of Indiana.

Action by Henry Kroener and others against the Mutual Life Insurance Company of New York. Judgment for defendant, and plaintiffs bring error. Affirmed.

George K. Denton, of Evansville, Ind., for plaintiffs in error.
Frank E. Gavin, of Indianapolis, Ind., for defendant in error.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. Plaintiffs sued the insurance company on a life policy for $5,000 issued in 1866, alleging in the complaint that for nine years the specified annual premium of $99.45 was paid on maturity; that the company, claiming that the insured had violated certain conditions of the contract, then gave notice of its cancellation of the policy; but that thereafter on each annual premium date, until the death of the insured in 1921, there was offered to the company the specified premium due each year, which the company declined to receive, on the ground that the policy was no longer in force. It is alleged that the policy, with accumulations thereon, amounts to upwards of $10,000, and the plaintiffs offer to deduct therefrom the 46 unpaid premiums, amounting to upwards of $4,500.

Besides general denial, the answer contains paragraphs setting up various defenses, to all of which plaintiffs interposed proposed demurrers, which were overruled. Plaintiffs thereupon replied to each paragraph except 4 and 5, as to which they elected to stand by their de-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

murrer, and the court gave judgment against them. These paragraphs are, in substance, that the insured, or those acting for him, did not "have at any time retained or kept in their possession, or on deposit in any bank or trust company, or in any way had available or ready to pay over to the defendant, if it should be willing to accept them, the amount of the several premiums which had become due and payable"; that the premiums on the policy since the year 1874 remain wholly unpaid; and that the amount, with interest from their maturity, to more than any amount which would be due on the policy if in force.

The proposition with which, under these paragraphs, we have to deal is as to the propriety of allowing interest on the several premiums from the time they became due, since the premiums to be credited, plus the interest, admittedly would extinguish all claim under the policy. It is contended that, after the company's declaration of forfeiture and cancellation of the policy, it was not necessary for the policy holder to tender the annual premiums. This may be conceded; but paragraphs 4 and 5 do not raise any question of forfeiture of the policy, but merely the proposition of interest on the annual premiums under the circumstances set out in the paragraphs, through want of deposit or other segregation or setting apart of the tendered premiums, or holding them in continuous availability for their payment.

[1] Apart from any question of tender, it seems clear that, if premiums remain unpaid and the policy in force, the company would be entitled on maturity of the policy to retain the matured premiums, with lawful interest thereon from their maturity. MacMahon v. United States Life Ins. Co., 128 Fed. 388, 63 C. C. A. 130, 68 L. R. A. 87; Shaw v. Republic Life Ins. Co., 69 N. Y. 286; Reed v. Provident Life Ins. Co., 190 N. Y. 111, 82 N. E. 734; Inter-Southern Life Ins. Co. v. Duff, 184 Ky. 227, 211 S. W. 738; New York Life Ins. Co. v. Lahr (Ind. Sup. 1922) 134 N. E. 657.

[2] The general rule of tender is that where, as here, it does not discharge the obligation, the party tendering must keep his tender good, in order that it may have the effect of barring interest for the period beyond the time of tender. 3 Williston, Contracts, par. 1469; 38 Cyc. 158 et seq. Just what will keep good a tender varies with the circumstances of particular cases, and authorities sometimes differ as to the effect on the tender of substantially similar circumstances. But there is little variance of holdings under facts such as set forth in paragraphs 4 and 5, viz. that money tendered in payment under a contract was not retained or kept in possession or control of the tenderer, or on deposit in any bank, or in any way held available or ready to pay over if the tenderee should be willing to accept same. The decisions are quite uniform that under such circumstances interest which, but for the tender, would accrue, will not be barred, but must be allowed notwithstanding the tender. Bissell v. Heyward, 96 U. S. 580, 24 L. Ed. 678; Beardsley v. Beardsley, 86 Fed. 16, 29 C. C. A. 538; Copeland, Ex. v. Summers, 138 Ind. 219, 35 N. E. 514, 37 N. E. 971; Sanders v. Bryer, 152 Mass. 141, 25 N. E. 86, 9 L. R. A. 255; Nelson v. Loder, 132 N. Y. 288, 30 N. E. 369.

As indicating a contrary rule, we have been referred to Cheney v. Bilby, 74 Fed. 52, 20 C. C. A. 291, and Cheney v. Libby, 134 U. S. 68, 10 Sup. Ct. 498, 33 L. Ed. 818; but these cases are rather in support than in conflict with the general rule. There is nothing in the facts presented by the paragraphs in issue to except this succession of tenders from the application of the general rule. It follows that the District Court properly overruled the demurrer to the fourth and fifth paragraphs of the answer, and did not err in rendering judgment, as was done upon plaintiffs' election to stand by its demurrers.

The judgment is affirmed.