RESERVE LOAN LIFE INSURANCE COMPANY v. BRAMMER ET AL.

[No. 12,140.    Filed March 20, 1925.    Rehearing denied June 12; 1925.    Transfer denied November 5, 1925.]

1.    INSURANCE.—*Statutory provision as to life insurance policies (§4622a Burns 1914) means that if insured's indebtedness to insurer equals or exceeds legal reserve of his policy, failure to pay same avoids the policy.*—The provision in subdivision 7 of §5 of the act of 1909 in regard to life insurance policies (Acts 1909 p. 251, §4622a Burns 1914) requiring such policies to contain a stipulation that insured's failure to pay any loan or interest thereon, "shall not avoid the policy unless such indebtedness shall equal or exceed such loan value at the time of such failure" means that if the indebtedness equals or exceeds the legal reserve of the policy, then a failure to pay a loan or interest thereon does avoid the policy.    p. 589.

2.    INSURANCE.—*Statute providing that the policy and application shall constitute entire contract between the parties (Cl. 3, §4622a Burns 1914) refers to policy contract alone.*—The provision in subdivision three of §5 of the act of 1909 in regard to life insurance policies (Acts 1909 p. 251, §4622a Burns 1914) that the policy and application shall constitute the entire contract between the parties has reference to the policy contract alone, and does not refer to a separate contract made at the same time for a loan to the insured.    p. 590.

3.    INSURANCE.—*Loan contract made at same time policy was issued not construed to abrogate any provision of policy.*—A loan contract between an insurance company and the insured, made at the same time a policy was issued, would not be construed so as to abrogate any provision of the policy, but in harmony therewith.    p. 590.

4. INSURANCE.—*Loan contract on life insurance policy providing, that insured might have interest on loan added to the principal construed.*—A loan contract with a life insurance company, executed contemporaneously with a policy, to obtain money with which to pay the initial premium, providing that the insured might have the interest on the loan added annually to the principal, *held* to mean, when construed in the light of the policy, that insured might have the interest added to the principal for such time as the indebtedness created thereby did not exceed the reserve value of the policy. p. 590.

5. INSURANCE.—*Effect of loan to insured on paid-up and extended insurance provisions of policy stated.*—Where, at the time of issuing a life insurance policy, the insured obtained a loan thereon for the full reserve value of the policy, the options of the policy as to paid-up or extended insurance, as required by §4622a Burns 1914, Acts 1909 p. 251, were modified by the terms of the policy, and were available only in the event, and to the extent, that the loan was paid. p. 590.

6. INSURANCE.—*Life insurance policy terminated on insured's failure or refusal to pay interest on loan when loan, with accumulated interest, exceeded policy's reserve value.*—A life insurance policy written under §4622a Burns 1914, Acts 1909 p. 251, on which a loan was made for the full reserve value, terminated on the failure or refusal of the policy holder to pay interest on the loan when the total indebtedness, including interest due, exceeded the reserve value of the policy as determined by the table of values attached thereto in compliance with the statute. p. 593.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Action by Clara M. Brammer against the Reserve Loan Life Insurance Company. From a judgment for plaintiff, the defendant appeals. *Reversed.* By the second division.

*Guilford A. Deitch, Frank G. West* and *Orr & Clark,* for appellant.

*White & Haymond,* for appellees.

PER CURIAM.—Action by appellee Clara M. Brammer against appellant to recover on a policy of life insurance issued by appellant on the life of William E. Brammer,

husband of appellee. Appellee as administratrix of the estate of her husband was made a party defendant. There was a trial by the court which resulted in a finding and judgment in favor of appellee. The error assigned in this court is the action of the court in overruling appellant's motion for a new trial, which presents the question of whether or not the policy terminated upon the failure of the policy holder to pay interest on a policy loan from and after the time the indebtedness on account of such loan equaled the policy values as set out in the table of guaranteed values attached to the policy. The only evidence at the trial consisted of a stipulation of facts which, so far as here involved, was as follows:

On November 1, 1917, appellant issued its policy for $5,000 to William E. Brammer, who was the husband of appellee, the beneficiary named therein, which said policy, so far as here involved, provided that it was issued in consideration of the payment in advance of a premium of $2,476.25, to be continued upon the further payment of a renewal premium of $145.05 on November 1, of each year thereafter until two such annual premiums had been paid, or until the prior death of insured.

Under "PRIVILEGES AND CONDITIONS," the policy was endorsed: "A loan of $2,275 made on this policy under date of November 1, 1917." This was the full amount of the loan value as shown by the table of values in the policy. After the table of values, the policy further provided that any indebtedness might be paid in cash, or if not so paid, the cash and loan values would be reduced by the amount of the indebtedness; that the paid up insurance would be reduced in the ratio of the indebtedness to the net value of such paid-up insurance; that the extended insurance should be for as long a term as the balance left after deducting the

indebtedness from the net value of the extended insurance would purchase as a net single premium; and that failure to pay any loan or interest thereon should not *avoid* the policy unless the total indebtedness to the company should equal or exceed the legal reserve.

At the time of issuing said policy, and for the purpose of enabling the said Brammer to meet the single premium of $2,476.25 required by said policy to be paid in advance, and at the instance and request of the said Brammer, the company agreed to loan him the sum of $2,275, provided he paid the balance in cash, which he did. The said sum of $2,476.25 provided in said policy was paid by him in the manner aforesaid.

The reserve on said policy at the end of the first policy year was $2,275, which amount also equaled its cash or loan value at said time.

To evidence the agreement as to said loan of $2,275, Brammer executed a loan agreement to the company of the same date as the policy, in which it was provided that he borrowed of the said company on the said policy (which was assigned to said company) the sum of $2,275, which loan and indebtedness was to draw interest at the rate of six per cent per annum, beginning one year from the date thereof, but the insured might elect to have the interest added annually to the principal of the loan. The agreement further provided that the loan should be automatically extended from year to year, so long as the premium on said policy were duly paid, until final settlement is made on said policy.

The single premium of $2,476.25, required by the terms of the policy to be paid in advance, to the extent of $2,275, was not paid otherwise than by the said loan agreement so made. The two annual premiums of $145.05 each due respectively on November 1, 1918, and November 1, 1919, were paid by the said Brammer to the company in cash.

At the time of the execution of said policy and loan agreement, the said Brammer elected to have the annual installments of interest on said loan added to the principal of said loan as authorized by said loan agreement, and no interest was paid by said Brammer on said loan, and said annual installments of interest were annually added to the principal of said loan by said insurance company, and on November 1, 1921, the indebtedness, including interest, amounted to at least $2,719.56 which exceeded the legal reserve which was $2,710.

Said Brammer and no person for him ever paid any portion of the principal or interest on said loan evidenced by said loan agreement.

The company, prior to November 1, 1921, notified the said Brammer in writing that it would not be possible for it to add the interest accruing November 1, 1921, to the principal of the loan, as to do so would cause the indebtedness to exceed the policy reserve, and that it would, therefore, be necessary for him to remit to the defendant company, on or before the said November 1, 1921, the sum of $164.34, being the interest from November 1, 1920, to November 1, 1921, in order to continue said policy in force.

On November 2, 1921, the company duly notified Brammer that said policy had been canceled and, in said notice, offered to reinstate said policy upon payment of the interest accruing November 1, 1921, of $164.34, provided said Brammer was then insurable. Brammer protested to said company against the cancellation of said policy, and did not at any time pay the said sum of $164.34 for interest as demanded by the company, nor was the said loan or the previous installments of interest thereon ever paid to the said insurance company by said Brammer or by anyone on his behalf, nor did he, after November 1, 1921, ever request a reinstatement of said policy, and at no time after Novem-

ber 1, 1921, was said policy reinstated on the books of the company, but, at all times after November 1, 1921, was carried on the books of the company as lapsed and canceled.

The policy here involved was written under the act of the legislature approved March 5, 1909. Acts 1909 p. 251, §4622a *et seq.* Burns 1914. Subdivision of §5 of such act requires a table showing the loan values of the policy, and also the cash, paid up, and extended insurance options, upon surrender, or available under the policy each year upon default in premium payment, and providing that such values shall be equal to the full reserve of the policy. The policy here involved contained such a table, showing the loan value which, pursuant to the statute, was equal to the full reserve. It has been heretofore noted that the loan made by appellant to Brammer was the full amount of the policy loan value.

Subdivision 9 of said section, the company was required to make such a loan upon demand therefor by the insured and upon a proper assignment of the policy to secure the same. This section of the act also provides that: "It shall be further stipulated in the policy that failure to repay any such loan or pay interest thereon shall not avoid the policy *unless such indebtedness to the Company shall equal or exceed such loan value at the time of such failure * * *.*" (Our italics.)

The necessary meaning and inference from this last provision of the statute is that if the indebtedness to the company equals or exceeds the legal reserve

1. of the policy, then and in that event, a failure to pay any loan or interest thereon does avoid the policy and that is the situation with which appellee is confronted in this case, for it appears by the stipulation of the parties that the reserve value of the policy

on November 1, 1921, was $2,710, while the indebtedness at that time, including the interest, was $2,719.56 by the method of computing the same most favorable to appellee.

It clearly appears then that the insured had received at a fixed date before his death, in the form of a loan, an amount which, together with the accumulated interest thereon, was in excess of the full reserve value of the policy. It cannot consistently be contended that, in addition thereto, he should have the benefit of the provision of the policy as to cash settlement, paid up insurance, or extended insurance. There was no cash due him; on the contrary, he was on that date indebted to the company. There was nothing with which to purchase paid up insurance or extended insurance. Having accepted the full reserve value of the policy in the form of a loan and accumulated interest, he certainly was not in a position to demand more.

Appellee argues that the provision of the loan agreement that the insured might have the interest annually added to the principal of the loan was a modification of the policy provision as to the indebtedness which the parties had a right to make. But the loan agreement was not made subsequent to the time of issuing the policy, but at the same time, and for the purpose of obtaining money with which to pay the initial premium. It is true that the statute provides that the policy and the application shall constitute the entire contract between the parties. This, however, speaks with reference to the policy contract alone and without necessarily contemplating that at the same time a loan would be made to the insured. But whether or not the loan contract, being executed at the same time as the policy was executed and that therefore the two instruments are to be construed together as one contract, the loan contract made at the same time the policy was

issued must not be so construed as to abrogate any of the provisions of the policy, but must be construed in harmony therewith. The provisions of the loan contract that the insured might have the interest annually added to the principal, construed in the light of the provisions of the policy, can only mean for such time as the indebtedness created thereby did not exceed the reserve value of the policy. The premium having been paid in full, had there been no indebtedness, the insured would have been entitled to a paid-up life policy for $5,000, but $5,000 at the death of the insured was not the reserve value of the policy on November 1, 1921. Appellee reasons that, under the contract, the interest should be added to the principal of the loan until the date of the death of the insured and that the amount should be deducted from the $5,000 then due on the policy, but such contention cannot prevail. The options of the policy as to paid-up insurance or extended insurance for $5,000 were available to the insured only in the event that the loan had not been made to him or, having been made, that the same had been paid in cash. Having accepted the loan, these options were modified by the terms of the policy itself. It is expressly provided in the policy that if the loan is not paid in cash, then the cash and loan values will be reduced in the ratio of the indebtedness to the net value of such paid-up insurance, and that the extended insurance shall be for as long a period as the balance left after deducting the indebtedness from the net value of the extended insurance, as shown in the table, will purchase as a net single premium. But the insured having negotiated a loan for the full reserve value of the policy, the same, together with the accumulated interest, reduces the cash and loan value, which is the same as the reserve value, until the same becomes a minus quantity, and, under the construction that we have given the statutory pro-

visions and the provision in the policy, in the event the indebtedness should exceed the reserve of the policy, the same is voided. The fact that the premium payments had been completed did not annul the provisions of the policy relating to loans, extended insurance and paid-up insurance. Appellee will hardly contend that, at any time after such completion, the insured might have negotiated even a larger loan than the one here involved, and had such loan been for the full amount of the reserve value, or had the indebtedness in time by the accumulation of interest equalled the reserve value, the insured could then claim further benefits under the policy. Authorities that hold that where there is an indebtedness growing out of a policy with provisions similar to the provisions in the policy here involved, the same should be deducted from the cash surrender value of the policy and that, in the event the indebtedness equals or exceeds the reserve value of the policy, the company will not be required to continue the same, are numerous. The policy involved in the case of *Cotnam* v. *Massachusetts Mutual Life Ins. Co.* (1917), 180 Iowa 1141, 162 N. W. 786, was similar in this regard to the policy here in suit. It was there contended that the cash surrender value of the policy should be applied as a net single premium to the purchase of paid up insurance, the indebtedness deducted therefrom and the judgment entered for the balance; but the court denied the contention, and held that such indebtedness was first properly deducted from the cash surrender value of the policy, and that then the balance should be applied as a net single premium to the purchase of paid up insurance. In the case of *Federal Life Ins. Co.* v. *Warren* (1916), 167 Ky. 740, 181 S. W. 331, the policy was very similar to the policy here involved, and the same contention as to the deduction of the indebtedness from the face value of the policy was made, but the court held

that the indebtedness should be deducted from the cash surrender value of the policy as shown by the table, and that the balance should be applied as a single premium to the purchase of paid up insurance. The same principle was involved in the case of *Bronson* v. *Northwestern, etc., Ins. Co.* (1921), 75 Ind. App. 39, and this court there held that when the indebtedness due the company by reason of the policy was deducted from the loan or reserve value of the policy, there was nothing left, and that, therefore, the policy lapsed and was wholly without force at the time of the death of the insured. Other authorities to the same effect are *Stevens* v. *Mutual Life Ins. Co.* (1919), 227 N. Y. 524, 125 N. E. 682, 18 A. L. R. 1141; *Dibrell* v. *Citizens National Life Ins. Co.* (1913), 152 Ky. 208, 153 S. W. 428; *Rose* v. *Missouri State Life Ins. Co.* (1912), 165 Mo. App. 646, 148 S. W. 181; *McCall* v. *International Life Ins. Co.* (1917), 196 Mo. App. 318, 193 S. W. 860; *De-Werthern* v. *Reserve Loan Life Ins. Co.* (1921), 234 S. W. (Mo. App.) 1048; *Short's Admx.* v. *Reserve Loan Life Ins. Co.* (1917), 175 Ky. 554, 194 S. W. 773; *Adams* v. *Mutual Life Ins. Co.* (1921), 76 Ind. App. 598, 132 N. E. 688.

In harmony with the principles announced in the foregoing authorities, appellee having refused to pay the interest on the loan at a time when the loan, together with the accumulated interest, exceeded the reserve value of the policy as determined by the table of values attached, appellant was thereupon justified in canceling the policy, and at the death of the insured, there was nothing due thereon. The judgment is reversed, and the facts in this case appearing by an agreed stipulation and, therefore, undisputed, we see no need of a new trial. The court is, therefore, instructed to enter judgment for appellant.